UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MALON SINEGAL** | **CASE NO. 2:21-CV-01627** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SECURITY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 6] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant American Security Insurance Company and seeking dismissal of the claims brought by plaintiff Malon Sinegal. Sinegal opposes the motion. Doc. 10.

### I.
### BACKGROUND

This suit arises from property damage incurred at Sinegal's home during Hurricane Laura on August 27, 2020. Sinegal alleges in relevant part that (1) at the time of the storm, the residence was insured by American Security under Policy No. MLR07769909663; (2) American Security adjusted the loss and arrived at an unreasonably low estimate of damages; and (3) even after being provided with Sinegal's estimate, showing satisfactory proof of loss, American Security refused to render additional payment. Doc. 1, att. 1. Sinegal filed suit in the 14th Judicial District Court, Calcasieu Parish Louisiana, seeking general damages and statutory penalties for bad faith failure to pay under Louisiana

Revised Statutes 22:1892 and 1973. *Id.* American Security then removed the case to this court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.

American Security now brings this motion to dismiss and shows that the policy at issue is a lender-placed one for the benefit of Sinegal's mortgagee, Pennymac Loan Services, LLC. Doc. 6; *see* doc. 6, att. 2 (policy). Sinegal is not an insured, additional insured, or third-party beneficiary under the policy, it argues, and thus lacks a legally cognizable claim for insurance coverage or bad faith failure to pay. Doc. 6, att. 1. Sinegal opposes the motion and maintains that he is a third-party beneficiary under the policy's terms. Doc. 8.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6) Standards*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts

'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether Sinegal is a third-party beneficiary.

Under Louisiana law, third party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance

coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. *See Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner).

> Here the policy's loss payment clause provides, in relevant part:
>
> Loss will be made payable to the named insured. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations. The undisputed portion of the loss will be payable within 30 days after we receive your proof of loss.

Doc. 6, att. 2. The declarations page identifies Pennymac as the named insured and Sinegal as only the borrower. Examining identical provisions in policies issued by American Security, courts in the Eastern and Middle Districts have determined that the policies did not create a stipulation *pour autrui* in favor of the borrower. *Brown*, 2017 WL 2290268 at *6 (LEMMON, J.); *Butler v. Am. Sec. Ins. Co.*, 2019 WL 1714231, at *2 (M.D. La. Apr. 17, 2019) (JACKSON, J.); *Farber v. Deutsche Bank Nat'l Tr. Co.*, 2020 WL 5820076 (E.D. La. Sep. 3, 2020) (VITTER, J.).

Sinegal maintains that there is a stipulation *pour autrui* based on the Reasonable Repairs and Appraisal provisions of the policy. As set forth in the Replacement Cost endorsement, the "you" and "your" used within these provisions refer to both the named insured and the borrower. Doc. 6, att. 2, p. 21. The Reasonable Repair provision provides

that American Security "will pay the reasonable cost incurred by you" for repairs made to mitigate against further damage. *Id.* at 9. Meanwhile, the appraisal provision provides that, "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss." *Id.* at 13. However, neither of these provisions expressly alters the loss payment clause's directive that payment is due to the named insured alone.[1]

The contract omits any mention of payment under the Appraisal provision and does not indicate to whom it is due under the Reasonable Repair provision. The plain language of the latter provision's terms indicates that compensation would ultimately be due to the person who incurred the expense. But Sinegal has not alleged that he performed any such repairs that were uncompensated by the insurer. *See* doc. 1, att. 1. Accordingly, he fails to allege the triggering condition for the policy's possible stipulation *pour autrui* and the claim is subject to dismissal on that basis. *Barbe v. Ocwen Loan Svcg., LLC*, 383 F.Supp.3d 634, 642–43 (E.D. La. 2019).

Additionally, while American Security admits that the Appraisal clause gives the borrower a right to invoke and participate in the process, Sinegal has not alleged that he made any request for appraisal (and American Security asserts in its brief that he has not done so and could not do so now in good faith). Accordingly, he fails to state any sort of claim for breach of the insurance contract. Such a claim is a prerequisite to a claim for bad faith under Louisiana Revised Statute 22:1892 or 22:1873. *GeoVera Spec. Ins. Co. v.*

---

[1] Sinegal also alleges that the lender is his agent under the terms of the policy. The term on which he relies, however, merely allows the lender "to act for [the] borrower in all matters pertaining to this insurance . . . ." Doc. 6, att. 2, p. 16. It does not allow the borrower to act for the named insured lender, nor does it create any other sort of benefit in favor of the borrower.

*Joachin*, 2019 WL 8273471, at *9 (E.D. La. June 28, 2019), *aff'd*, 964 F.3d 390, 395 (5th Cir. 2020). The entire action is therefore subject to dismissal, but the court will instead grant Sinegal leave to amend his complaint and show an existing claim for relief under either of these provisions.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] is hereby **DENIED**. Plaintiff is instead granted 30 days to amend his complaint and show a claim for relief.

**THUS DONE AND SIGNED** in Chambers on this 27th day of July, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**